UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAIME R. SANCHEZ,<br><br>                 Plaintiff,<br>v.<br><br>LAS VEGAS METROPOLITAN<br>POLICE DEPARTMENT, et al.,<br><br>                 Defendants. | Case No. 2:19-cv-00389-JAD-PAL<br><br>**ORDER**<br><br>(Mot. Service by USM – ECF No. 10) |

This matter is before the court on Plaintiff Jaime R. Sanchez's Motion for Service by Marshals (ECF No. 10). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Sanchez is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. This case involves Sanchez's allegations of civil rights violations pursuant to 42 U.S.C. § 1983. He initially filed this action and paid the $400 filing fee in the U.S. District Court for the Southern District of Florida on February 19, 2019. The court ordered a transfer of venue to the District of Nevada, overruling Sanchez's objections, because the underlying events took place in Las Vegas, defendants Las Vegas Metropolitan Police Department, Officer Cooke, and Clark County Courthouse[1] reside in Las Vegas, and the witnesses and relevant evidence are all in Las Vegas. *See* Mar. 5, 2019 Order (ECF No. 7) (citing 28 U.S.C. §§ 1391(b), 1406(a)).

---

[1] The Clark County Courthouse is a building. It is not a legal entity that may be sued. No government agency or entity is subject to suit unless it is an independent legal entity. *Hervey v. Estes*, 65 F.3d 784, 791–92 (9th Cir. 1995). In Nevada, each city and county are political subdivisions of the state and independent legal entities, which means each city and county can sue or be sued. *Clark County v. Lewis*, 498 P.2d 363, 365 (Nev. 1972); NRS 41.031(2). A building or office such as a courthouse may not be sued.

On March 21, 2019, Sanchez filed a motion requesting that the U.S. Marshal Service ("USM") serve all three defendants in this case. He cites no legal authority for his request and provides no reasons why service of process should be handled by USM at public expense. Mr. Sanchez is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. The court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits"). The motion is denied.

In addition, the court notes that LSR 2-1 of the Local Rules of Practice states that a "civil rights complaint filed by a person who is not represented by counsel *must be submitted on the form provided by this court*." *Id*. (emphasis added). Sanchez submitted a complaint on what appears to be lined notebook paper, not the court's approved form. If Sanchez wants to move forward with his claims, he must submit an amended complaint on the court's approved form. The Clerk of Court will be directed to mail Sanchez a blank civil rights complaint.[2]

If Mr. Sanchez chooses to file an amended complaint, he must do so by **May 16, 2019**. The amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim he has showing he is entitled to relief; and (3) a demand for the relief he seeks. *See* Fed. R. Civ. P. 8(a). The amended complaint should set forth the claims in short and plain terms, simply, concisely, and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). This means Sanchez should avoid legal jargon and conclusions. Instead, he should summarize the information he believes to be relevant in his own words for each claim asserted in

---

[2] The Complaint for Violation of Civil Rights (non-prisoner), Pro Se Form 15, is also available for download on the United States Courts' website free of charge at www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner. Litigants may access the District of Nevada's pro se assistance packet through a link on the court's website: www.nvd.uscourts.gov. *See Filing a Complaint on Your Own Behalf in the United States District Court, District of Nevada*, available at www.nvd.uscourts.gov/wp-content/uploads/2017/08/Representing-Yourself-Guide.pdf.

the amended complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action").

Mr. Sanchez is advised to support each of his claims with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Sanchez should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant violated and support each claim with factual allegations about each defendant's actions. Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim. *McHenry*, 84 F.3d at 1178. A plaintiff must state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Mr. Sanchez is also informed that the court cannot refer to a prior pleading (*i.e.*, the original complaint) in order to make the amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. *See* LR 15-1(a). This is because, as a general rule, an amended complaint supersedes the original complaint. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The court appreciates that it is difficult for pro se parties to litigate their claims; thus, Sanchez is advised to familiarize himself with the Federal Rules of Civil Procedure and the Local Rules of Practice for this court.[3]

---

[3] The Federal Rules of Civil Procedure may be accessed on the United States Courts website at: www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Local Rules of Practice may be accessed and downloaded from this court's website at:

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Jaime R. Sanchez's Motion for Service by Marshals (ECF No. 10) is **DENIED**.

2. The Complaint (ECF No. 1) is DISMISSED without prejudice and with leave to file an amended complaint by **May 16, 2019**.

3. The Clerk of Court shall MAIL Mr. Sanchez one blank form Non-Prisoner Complaint for Violation of Civil Rights (Pro Se Form 15), one copy of the Complaint (ECF No. 1), and one copy of this Order.

4. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

5. Mr. Sanchez shall clearly title the amended complaint as such by writing "FIRST AMENDED" immediately above "Complaint for Violation of Civil Rights" on the first page and 2:19-cv-00389-JAD-PAL in the space for "Case No."

6. Mr. Sanchez's failure to comply with this Order by filing an amended complaint on the correct form before the **May 16, 2019** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 16th day of April 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

www.nvd.uscourts.gov.