UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAIME R. SANCHEZ,<br><br>         Plaintiff,<br> v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>         Defendants. | Case No. 2:19-cv-00389-JAD-BNW<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on Plaintiff Jaime R. Sanchez's ("Sanchez") failure to comply with the court's Order (ECF No. 11). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Mr. Sanchez is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. This case involves Sanchez's allegations of civil rights violations pursuant to 42 U.S.C. § 1983. He initially filed this action and paid the $400 filing fee in the U.S. District Court for the Southern District of Florida on February 19, 2019. The court ordered a transfer of venue to the District of Nevada, overruling Sanchez's objections, because the underlying events took place in Las Vegas, defendants Las Vegas Metropolitan Police Department, Officer Cooke, and Clark County Courthouse[1] reside in Las Vegas, and the witnesses and relevant evidence are all in Las Vegas. *See* Mar. 5, 2019 Order (ECF No. 7) (citing 28 U.S.C. §§ 1391(b), 1406(a)).

On March 21, 2019, Sanchez filed a motion requesting that the U.S. Marshal Service ("USM") serve all three defendants in this case. He cited no legal authority for his request and

---

[1] The Clark County Courthouse is a building. It is not a legal entity that may be sued. No government agency or entity is subject to suit unless it is an independent legal entity. *Hervey v. Estes*, 65 F.3d 784, 791–92 (9th Cir. 1995). In Nevada, each city and county are political subdivisions of the state and independent legal entities, which means each city and county can sue or be sued. *Clark County v. Lewis*, 498 P.2d 363, 365 (Nev. 1972); NRS 41.031(2). A building or office such as a courthouse may not be sued.

provided no reasons why service of process should be handled by USM at public expense. Mr. Sanchez is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. The court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits"). As such, Judge Leen denied the motion Order (ECF No 11) entered April 17, 2019.

Additionally, Judge Leen also advised Mr. Sanchez that if he wanted to move forward with his claims, me must submit an amended complaint on the court's approved form no later than May 16, 2019. The clerk's office mailed Mr. Sanchez a blank civil rights complaint form.

The Order (ECF No. 11) warned Mr. Sanchez that his failure to file an amended complaint on the correct form before the May 16, 2019 deadline would result in a recommendation to the district judge that this case be dismissed. To date, Mr. Sanchez has not filed an amended complaint, requested an extension of time, or taken any other action to prosecute this case.

Accordingly,

**IT IS RECOMMENDED** that:

1. Plaintiff's Complaint (ECF No. 1) be DISMISSED without prejudice unless he files an amended complaint on or before **June 11, 2019**.
2. The Clerk of the Court be instructed to close the case and enter judgment accordingly.

Dated this 28th day of May, 2019.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.

DATED this 28th day of May, 2019.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE