# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Jaime R. Sanchez,<br><br>    Plaintiff<br>v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>    Defendants | Case No. 2:19-cv-000389-JAD-BNW<br><br>**Order Adopting Report and Recommendation and Dismissing Case**<br><br>[ECF No. 13] |

Plaintiff Jaime R. Sanchez's failure to file an amended complaint by the deadline set by the court[1] prompted Magistrate Judge Brenda Weksler to recommend that I dismiss this action without prejudice for failure to follow a court order.[2] The deadline for objections to that recommendation was June 11, 2019, and no party has filed an objection to it or moved to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[3]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action with prejudice based on a party's failure to prosecute an action,

---

[1] ECF No. 11.

[2] ECF No. 13. The copy of the report and recommendation mailed to Sanchez was returned to sender with no new address. ECF No. 14.

[3] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

failure to obey a court order, or failure to comply with local rules.[5] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in taking an action ordered by the court.[7] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[8] Sanchez was warned by two orders that his case would be dismissed without prejudice if he failed to timely file an amended complaint,[9] so he had adequate

---

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Malone*, 833 F.2d at 132–33.

[9] ECF Nos. 11, 13.

warning of this consequence.  The factors thus weigh heavily in favor of dismissing this case without prejudice for failure to timely amend.

Accordingly, **IT IS HEREBY ORDERED** that the magistrate judge's report and recommendation **[ECF No. 11] is ADOPTED** in full, and **this action is DISMISSED** without prejudice based on Sanchez's failure to file an amended complaint as ordered by the court;

IT IS FURTHER ORDERED that the Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: June 16, 2019

_____
U.S. District Judge Jennifer A. Dorsey